UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **KERRY JOHNELLE ADAMS,** } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 5:20-cv-08008-RDP |
| } | 5:16-cr-00221-RDP-JHE-1 |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| Respondent. } | |

## MEMORANDUM OPINION

Before the court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. # 1).[1] The Motion has been fully briefed. (Docs. # 1, 9, 19). After careful review, and with the benefit of an evidentiary hearing, held on March 9, 2023 (the "Hearing"), the court finds that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 1) is due to be denied.

**I.   Background**

On March 16, 2017, Petitioner Kerry Johnelle Adams was convicted at trial of conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride. (Cr. Doc. # 48). Because the government established certain of his prior convictions qualified pursuant to 21 U.S.C. §§ 841(b) and 851, Petitioner's sentence was life in prison. (Cr. Docs. # 6; 60 at 2). On July 10, 2017, Petitioner filed a notice of appeal. (Cr. Doc. # 62). The Eleventh Circuit affirmed his conviction and sentence in an unpublished opinion. *United States v. Adams*, 756 F. App'x. 884 (11th Cir. 2018). Petitioner did not seek certiorari from the Supreme Court.

---

[1] Citations to the docket of the present civil case will be styled "Doc. #" while citations to the docket of the associated criminal case (5:16-cr-00221-RDP-JHE-1) will be styled "Cr. Doc. #."

On February 24, 2020, Petitioner filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. # 1). Petitioner's motion centered on his claims of ineffective assistance of counsel and prosecutorial misconduct. (*Id*.). Petitioner made five assertions in support of his contention that the counsel he received was constitutionally deficient. (*Id*.). Additionally, Petitioner made three assertions in support of his contention that he was subject to prosecutorial misconduct. (*Id*.).

On December 15, 2022, the court ruled on Petitioner's motion in part, denying it as to three of his ineffective assistance of counsel claims and each of his prosecutorial misconduct claims. (Docs. # 20, 21). Two of Petitioner's ineffective assistance of counsel claims -- counsel's failure to challenge the introduction of cell-site data and counsel's failure to negotiate and present him with a plea deal -- required an evidentiary hearing to resolve. (*Id*.). On March 9, 2023, the court held a hearing in which Petitioner was present, represented by counsel, and afforded the opportunity to testify.

**II.     Legal Standard**

Section 2255 authorizes a federal prisoner to move in the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). The standard that governs ineffective assistance of counsel claims under § 2255 derives from *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court established a two-prong test for adjudicating ineffective assistance of counsel claims; both prongs of the test must be met for a petitioner to succeed. *Id.* at 687.

First, a petitioner must show that counsel's performance was deficient, *i.e.*, the performance was outside the range of professionally competent assistance. *Id.* The proper measure

of an attorney's performance is "reasonableness under prevailing professional norms." *Id.* at 688. Unless a petitioner can rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," he or she cannot show that counsel's performance was constitutionally deficient. *Id.* at 689. "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. [The court asks] only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted[.]" *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992); *see also Waters v. Thomas*, 46 F.3d 1506, 1514 (11th Cir. 1995) (en banc) (stating that "perfection is not the standard of effective assistance").

Second, a petitioner must demonstrate prejudice. That is, in addition to establishing cause, he is also required to show there is a reasonable probability that, absent counsel's errors, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (en banc). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Because Petitioner must meet both parts of the *Strickland* test, the court need not address the performance prong if he cannot meet the prejudice prong, and vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

**III.   Discussion**

Two of Petitioner's claims of ineffective assistance remain at issue in this case: (i) counsel's failure to challenge the introduction of cell-site data (Doc. # 1 at 24-25); and (ii) counsel's failure to negotiate or present him with a plea agreement. (*Id.* at 21-23; Adams Aff. ¶¶ 3-4, Doc. # 19 at 16).

### A.     Counsel's Alleged Failure to Challenge Cell-Site Data

In his Motion, Petitioner alleged that cell-site data introduced by the Government was obtained in violation of the Fourth Amendment. (Doc. # 1 at 24-25). This data, he asserted, was then used to track his movements, which served to corroborate witness testimony against him. (*Id*. at 24-25). Petitioner claimed that his counsel was constitutionally deficient in failing to move to suppress or otherwise object to the introduction of the cell-site data. (*Id*. at 25). At the Hearing, however, Petitioner conceded, and the Government made an unchallenged proffer, that this data -- and other data related to others, including cooperating witnesses (none of whom challenged the cell-site data) -- was obtained pursuant to lawfully obtained search warrants. As a result, Petitioner cannot show that he was prejudiced by his counsel's failure to challenge the data's introduction. Accordingly, his Motion is due to be denied as to this claim.[2]

### B.     Counsel's Alleged Failure at the Plea Stage

Petitioner also claimed that his counsel never presented him with a plea offer from the government and that she told him that a plea was "out of the question." (Adams Aff. ¶¶ 3-4, Doc. # 19 at 16). The evidence presented at the Hearing, however, establishes without question that Petitioner flatly refused to even consider any plea agreement that required his cooperation, and that the Government was unwilling to engage in any plea negotiations that did not require cooperation. Indeed, at the Hearing, Petitioner candidly testified that he decided at the outset of the case to go to trial if his only other option to avoid a life sentence was cooperating in exchange for a plea.

---

[2] At the Hearing, Petitioner briefly mentioned that his research led him to an individual claiming to successfully suppress cell-site data "80, 90% of the time." He asked his counsel to contact the individual, but claims she never did. (*Id*.). Regardless, even if the court determined that counsel's failure to contact this individual constituted deficient performance under *Strickland* (and, to be clear, the court makes no such finding), Petitioner cannot show that he was prejudiced by her failure to do so because -- as he concedes -- the data was lawfully obtained and therefore properly admitted. 466 U.S. at 687, 689.

Petitioner's testimony at the Hearing flatly contradicts the assertions in his Motion that he was not aware that he was facing life imprisonment if he was convicted at trial (Doc. # 1 at 22), that his counsel failed to apprise him of the "weight and extent of the Government's evidence" against him (*id*.), and that he was never informed of the opportunity to take a plea in exchange for a reduced sentence (*id*. at 25). In fact, at the Hearing he testified that: (i) he understood he was facing a life sentence from the outset; (ii) he knew his conspirators would be testifying against him in order for them to avoid a life sentence; and (iii) if he had indicated that he was willing to cooperate, he would have had engaged in plea discussions with the government about what the cooperation involved and what benefit he might have received in exchange. Accordingly, because Plaintiff's testimony establishes that he was informed of the potential consequences of his failure to cooperate in exchange for a plea agreement, his counsel's performance was not constitutionally deficient under *Strickland*.

However, even if the court found that his counsel's performance was deficient (and to be clear, it does not), Petitioner cannot show that he was prejudiced by her conduct. Early in the plea stage, Petitioner made clear that he would not cooperate with the Government. Conversely, the government made clear that it would only offer a plea if Petitioner cooperated. At the Hearing, Petitioner stated that, in his view, a plea offer requiring cooperation was not a legitimate plea offer. But, a defendant is not entitled to unilaterally dictate the terms of a plea offer from the government. Petitioner's suggestion otherwise "simply ignores the realisms of how pleas and cooperation work." *Carmichael v. United States*, 966 F.3d 1250, 1261 (11th Cir. 2020). This is especially true when cooperation is the sticking point between the Government and the defendant. Cooperation is frequently the "cornerstone of the parties' plea agreement." *Id*. Indeed, "[a]s with any other

contract, the parties must reach a meeting of the minds on this material part of their agreement." *Id.*

It is abundantly clear that Petitioner maintained both throughout his prosecution -- at the plea stage, leading up to his trial, and at his trial -- and again made clear at the Hearing that he was unwilling to cooperate in exchange for a plea. The Government was unwilling to offer a plea deal without Petitioner agreeing to cooperate. Because any plea offer would have required Petitioner's cooperation, and because he adamantly refused to cooperate from the early stages of the case, Petitioner cannot show that he was prejudiced by his counsel's alleged failure to negotiate or present him with a plea. As a result, because Petitioner cannot show deficient performance or prejudice at the plea stage, his Motion is due to be denied as to that claim.

### IV. Conclusion

For the reasons outlined above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 1) is due to be denied as to his two remaining claims of ineffective assistance of counsel. Consequently, this case is due to be dismissed with prejudice. An order in accordance with the memorandum opinion will be entered separately.

**DONE** and **ORDERED** this March 16, 2023.

*/s/ R. David Proctor*
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE